IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-03358-PAB-KLM

LARRY BRANCH,

    Plaintiff,

v.

UNITED PARCEL SERVICE,

    Defendant.

_____

**ORDER**
_____

    This matter is before the Court on the Recommendation of United States Magistrate Judge ("the recommendation") [Docket No. 22] filed on July 22, 2019. Magistrate Judge Kristen L. Mix recommends that the Court grant in part and deny in part defendant's Motion to Dismiss Portions of Amended Complaint [Docket No. 11]. Plaintiff filed timely written objections. Docket No. 23.

    The Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is proper if it is specific enough to enable the Court "to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). In light of plaintiff's *pro se* status, the Court reviews his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991). Because the recommendation

contains a detailed statement of the case and its procedural background, the Court will discuss only the facts relevant to the resolution of plaintiff's objections.

Among plaintiff's claims is a state-law tort claim for assault, which the Court has jurisdiction over pursuant to 28 U.S.C. § 1367. Docket No. 7 at 6. Plaintiff claims that, on September 21, 2011, he was a "victim of assault while on the job," providing no further details. *Id*. Magistrate Judge Mix recommends that the claim be dismissed because it is barred by the applicable statute of limitations. Docket No. 22 at 9-14. Plaintiff objects to this portion of the recommendation. Docket No. 23. The Court, construing plaintiff's filing liberally, understands him to be making two arguments: (1) the recommendation erred by concluding that statutory tolling on the basis of mental incompetency does not apply to plaintiff's claim, *see id*. at 5; and (2) the recommendation erred by not applying equitable tolling to plaintiff's claim. *See id*. at 10-11. Plaintiff does not, however, object to the Magistrate Judge's conclusion that, but for some form of tolling, plaintiff's assault claim is time-barred. It is the plaintiff's burden to "plausibly establish" some form of entitlement to tolling or face dismissal under Fed. R. Civ. P. 12(b)(6). *Graham v. Teller Cty., Colo.*, 632 F. App'x 461, 463 (10th Cir. 2015) (unpublished).

The Court turns first to statutory tolling. Colorado law provides for a form of statutory tolling for "a person under disability at the time [a cause of action] accrues." Colo. Rev. Stat. § 13-81-103(1); *see Southard v. Miles*, 714 P.2d 891, 897 (Colo. 1986) (noting that § 13-81-103 "operate[s] to suspend the running of the applicable statute of limitations until either the disability is removed or . . . a legal representative is appointed for the person under disability") (internal quotations omitted). As relevant here, a

2

"person under disability" means "a mental incompetent." *Id*. § 13-81-101(3). An individual is mentally incompetent if he or she is "a person with an intellectual and developmental disability," *id*. § 25.5-10-237, which must be "determined by a community-centered board." *Id*. § 25.5-10-202(26)(b). An "intellectual and developmental disability" means a disability "that manifests before the person reaches twenty-two years of age, that constitutes a substantial disability to the affected person, and that is attributable to an intellectual and developmental disability or related conditions, including Prader-Willi syndrome, cerebral palsy, epilepsy, autism, or other neurological conditions when the condition or conditions result in impairment of general intellectual functioning or adaptive behavior similar to that of a person with an intellectual and developmental disability." *Id*. § 25.5-10-202(26)(a); *see Graham*, 632 F. App'x at 463-64.

Plaintiff argues that the recommendation erred in its conclusion that he had not established mental incompetency. He asserts that he began suffering from post-traumatic stress disorder ("PTSD") as a result of the alleged 2011 assault. Docket No. 23 at 5-10. In support of his objection, he provides two letters from Dr. Samuel P. Ammirato, a licensed psychologist, dated September 30, 2017 and July 23, 2018. *Id*. at 13-14. These letters appear to not have been in the record before the magistrate judge; thus, the Court does not consider them. But, even if it did, plaintiff would fail to demonstrate mental incompetency. The letters indicate that plaintiff's PTSD and related health issues arise as a result of the alleged 2011 assault. *Id*. However, plaintiff does not allege, and the letters do not state, that plaintiff's PTSD "manifest[ed]"

before he turned twenty-two, or that his PTSD is "attributable to an intellectual or developmental disability or related conditions." *See* Colo. Rev. Stat. § 25.5-10-202(26)(a); *see also* Docket No. 23 at 14 (letter from plaintiff's psychologist noting that, as of September 2017, plaintiff "recently receiv[ed] his [thirty] year plaque" as a "long term employee" of defendant). Moreover, plaintiff does not allege that he has been determined to have "an intellectual and developmental disability" by a "community-centered board." *See* Colo. Rev. Stat. § 25.5-10-202(26)(b). As a result, plaintiff has not plausibly established that he is a "person under disability" who is entitled to statutory tolling. *See Graham*, 632 F. App'x at 464 ("[W]ithout a community centered board's determination that [plaintiff] has an impairment . . . [plaintiff] can't be deemed mentally incompetent for the purposes of the tolling statute."). Thus, the Court agrees with the recommendation that statutory tolling does not apply to the statute of limitations on plaintiff's state-law assault claim.

If statutory tolling is unavailable, plaintiff must rely on equitable tolling. Under Colorado law, equitable tolling applies "where the defendant's wrongful conduct prevented the plaintiff from asserting his or her claims in a timely manner," based on the principle that "a person should not be permitted to benefit from his or her own wrongdoing." *Dean Witter Reynolds, Inc., v. Hartman*, 911 P.2d 1094, 1096-97 (Colo.

4

1996).[1]  Colorado courts "rarely" apply the doctrine of equitable tolling.  *Escobar v. Reid*, 668 F. Supp. 2d 1260, 1272 (D. Colo. 2009).

In his objection, plaintiff argues that equitable tolling is appropriate in cases where "the plaintiff has been deemed to be mentally incompetent at the time" and "the parties were engaged in a good faith negotiation[] to resolve [the] dispute."  Docket No. 23 at 10.  In support, plaintiff cites *Borchard v. Anderson*, 542 N.W. 2d 247 (Iowa 1996), and *Barrett v. Principi*, 363 F.3d 1316 (Fed. Cir. 2004).  Neither case applies Colorado law.  In *Borchard*, the Iowa Supreme Court concluded that, under Iowa law, the plaintiff's tort claim was not subject to either statutory or equitable tolling as a result of a PTSD diagnosis.  *See Borchard*, 542 N.W. 2d at 249-51.  In *Barrett*, the Federal Circuit held that mental illness could toll 38 U.S.C. § 7266(a) if "the failure to file was the direct result of a mental illness that rendered [the filer] incapable of rational thought or deliberate decision making, or incapable of handling his own affairs or unable to function in society."  *See Barrett*, 363 F.3d at 1321 (internal citations, quotations, and alterations omitted).[2]  Because these cases do not apply Colorado law, they are not on

---

[1] In *Dean Witter Reynolds*, the Colorado Supreme Court noted that other jurisdictions have applied equitable tolling where "extraordinary circumstances" made it "impossible" for the plaintiff to file their claims within the statutory period.  *See Dean Witter Reynolds*, 911 P.2d at 1097 (citing cases where, e.g., plaintiff could not pursue a claim because courts in Southern states were closed during the Civil War).  Even assuming that this doctrine is available in Colorado, the Court finds that plaintiff has failed to plausibly establish that it was "impossible" for him to file his claim within the statutory period.

[2] 38 U.S.C. § 7266 is a statute providing for appeal of final decisions of the Board of Veterans' Appeals to the Court of Appeals for Veterans Claims.

point and do not establish plaintiff's entitlement to equitable tolling.[3]  The Court agrees with the recommendation that the allegations in plaintiff's complaint that the defendant led "bogus investigations" in order to exhaust plaintiff's time to file his assault claim are conclusory.  *See* Docket No. 7 at 14.  As plaintiff fails to plausibly establish that "the defendant's wrongful conduct prevented the plaintiff from asserting his . . . claims in a timely manner," he is not entitled to equitable tolling on his assault claim.  *See Dean Witter Reynolds*, 911 P.2d at 1097.

Plaintiff has failed to plausibly establish that he is entitled to either statutory or equitable tolling, and the Court will therefore overrule his objections.  The Court has reviewed the remainder of the recommendation to satisfy itself that there is "no clear error on the face of the record."[4]  Fed. R. Civ. P. 72(b), Advisory Committee Notes.  Based on this review, the Court has concluded that the Recommendation is a correct application of the facts and the law.  Accordingly, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 22] is **ACCEPTED**.  It is further

**ORDERED** that plaintiff's Objections to Magistrates [sic] Judge Kristen L. Mix to Dismiss Portions of Complaint [Docket No. 23] are **OVERRULED**.  It is further

---

[3] Even if *Borchard* were on point, it does not support plaintiff's position that his PTSD diagnosis entitles him to tolling.  *See* 542 N.W. 2d at 249-51 (noting that a PTSD diagnosis does not factually support a conclusion that plaintiff was "mentally ill" as required for statutory tolling in Iowa and declining to create a "special exception to the statute of limitations for PTSD").

[4] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).

**ORDERED** that Defendant's Motion to Dismiss Portions of Amended Complaint [Docket No. 11] is **GRANTED IN PART** and **DENIED IN PART**. It is further

**ORDERED** that plaintiff's assault claim is **DISMISSED WITH PREJUDICE**.

DATED August 20, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge