IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-03358-PAB-KLM

LARRY BRANCH,

      Plaintiff,

v.

UNITED PARCEL SERVICE,

      Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion to Compel** [#82],[1] on Plaintiff's

**Motion to Extend Time to Oppose the Defendant's Summary Judgment** [#89] (the

"Motion for Extension"), and on Plaintiff's **Motion to Re-open Discovery, Admissions,**

**Interrogatories and Demand for Production** [#91] (the "Motion for Discovery").

Defendant filed Responses [#94, #95, #96] to the Motions [#82, #89, #91].  Plaintiff, who

proceeds in this matter as a pro se litigant,[2] did not file Replies, but the Court has also

considered his Letter [#83] and Notice [#97], as well as the entire docket.

_____

    [1]  "[#82]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).  The Court uses this convention throughout this Order.

    [2]  The Court must construe liberally the filings of a pro se litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972).  In doing so, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997) (*citing Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).  In addition, a pro se litigant must follow the same procedural rules that govern other litigants.  *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

## I.  Background

The discovery deadline in this case was November 9, 2020.  *See* [#54].  The deadline to serve written discovery was October 5, 2020.  *See id.*  At the Scheduling Conference held on January 8, 2020, the Court informed the parties that "[t]he discovery cut-off date is the deadline for completing discovery *and* the deadline for making discovery motions."  *See* [#40] at 8.  In March of 2021, well after all of these deadlines had passed, Plaintiff propounded his first discovery requests on Defendant.  *Response* [#94] at 3.  Despite the fact that discovery had closed, Defendant elected to respond to these requests, which it did on May 26, 2021.  *Id.* at 5.

Defendant filed a Motion for Summary Judgment [#77] on July 13, 2021, which was the dispositive motions deadline.  *See* [#73].  Six days later, on July 19, 2021, Plaintiff filed the Motion to Compel [#82], asking the Court to order Defendant to fully respond to Plaintiff's various written discovery requests.  Plaintiff also filed a separate Letter [#83] the same day, asking the Court to wait to rule on the Motion for Summary Judgment [#77] until after the Court ruled on the Motion to Compel [#82].  One week later, on July 26, 2021, Plaintiff filed the Motion for Extension [#89], asking the Court for an extension of time to respond to the Motion for Summary Judgment [#77]:

> due to an unforeseen medical flare up caused by [f]ibromyalgia, [a]uto immune disorder related to fibromyalgia and stress.  This also brings on bouts of depression as [t]he plaintiff also tries to balance his life with PTSD. The plaintiff finds it extremely difficult to concentrate as he deals with the elevated chronic pain, [m]ild to moderate migraines and the disruptive digestive tract.

On July 26, 2021, the same day Plaintiff filed the Motion for Extension [#89], he also filed the Motion for Discovery [#91], wherein he asks the Court to review his written discovery

to make sure that he has not gone over the permitted number of requests, as Defendant has suggested to him.  Plaintiff's most recent correspondence with the Court was filed on August 23, 2021, and provides an update on Plaintiff's medical condition.  *Notice* [#97].

Because the deadline to serve written discovery and the discovery cut-off have both passed, the Court must determine whether good cause exists pursuant to Fed. R. Civ. P. 16(b)(4) for amendment of the Scheduling Order to extend these deadlines.

## II.  Legal Standard

A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by [litigants] without peril."  *Washington v. Arapahoe Cnty. Dep't of Soc. Servs.*, 197 F.R.D. 439, 441 (D. Colo. 2000).  Scheduling order deadlines "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b).  The decision to modify a scheduling order "is committed to the sound discretion of the trial court."  *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987); *see also Benton v. Avedon Eng'g, Inc.*, No. 10-cv-01899-RBJ-KLM, 2013 WL 1751886, at *1 (D. Colo. Apr. 23, 2013).  When exercising its discretion, the Court considers the following factors: (1) whether trial is imminent; (2) whether the request to reopen or extend discovery is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the Court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the Court; and (6) the likelihood that the discovery will lead to relevant evidence.  *Smith*, 834 F.2d at 169 (citations omitted).

While "the [Scheduling Order] defines a lawsuit's boundaries in the trial court and on appeal, 'total inflexibility is undesirable.'"  *Summers v. Mo. Pac. R.R. Sys.*, 132 F.3d 599,

604 (10th Cir. 1997).  However, the Court notes that a scheduling order plays an important role in the management of a case and should not be unnecessarily amended.  *Cf. Washington*, 197 F.R.D. at 441 (noting that a "scheduling order is an important tool necessary for the orderly preparation of a case for trial"); *Rent–a–Center, Inc. v. 47 Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 101 (S.D.N.Y. 2003) (stating that "scheduling orders are designed to offer a degree of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed and the case will proceed").

### III.  Analysis

#### A.      Imminence of Trial

The first factor addresses whether trial is imminent.  *Smith*, 834 F.2d at 169.  Here, trial has not yet been set.  Thus, the Court cannot find that trial is imminent. The Court therefore finds that the first factor weighs in favor of allowing amendment of the Scheduling Order.

#### B.      Opposition to Request

The second factor addresses whether the moving party's request is opposed.  *Smith*, 834 F.2d at 169.  Here, Defendants oppose the amendment.  The Court therefore finds that the second factor weighs against allowing amendment of the Scheduling Order.

#### C.      Prejudice

The third factor addresses whether the non-moving party would be prejudiced.  *Smith*, 834 F.2d at 169.  Here, the dispositive motion deadline has passed and Defendant filed its Motion for Summary Judgment before Plaintiff ever sought to compel discovery.  Plaintiff essentially has seen the basis for Defendant's Motion for Summary Judgment and

now seeks to compel discovery based on that motion before filing his response to it.  The Court finds that Defendant has shown more than the mere possibility of some nebulous prejudice here.  Plaintiff would clearly obtain an unfair advantage by being allowed to take additional discovery from Defendant at this juncture, i.e., after the filing of the motion for summary judgment and before the filing of a response to this motion.  The Court therefore finds that the third factor weighs against allowing amendment of the Scheduling Order.

## D.    Diligence

The fourth factor addresses whether the moving party was diligent in obtaining discovery within the guidelines established by the Court.  *Smith*, 834 F.2d at 169.  Here, the moving party must "show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n. 4 (10th Cir. 2006).  "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts . . . .  Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."  *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000) (internal quotation and citation omitted).

Here, no explanation has been offered for why (1) Plaintiff made no request to extend the deadline for service of written discovery, (2) Plaintiff made no request to extend the discovery deadline, (3) Plaintiff waited almost two months after receiving Defendant's discovery responses to ask the Court to compel Defendant to provide additional discovery, and (4) Plaintiff made no request to extend the dispositive motion deadline to complete any outstanding discovery issues.  Plaintiff has clearly had a number of ongoing health issues throughout this litigation, but these delays are substantial and on the whole, the Court

cannot conclude that the Plaintiff has acted with the requisite diligence. All things considered, the Court finds that Plaintiff should have been far more diligent in attempting to meet his discovery obligations here, and the Court finds that the fourth factor weighs against allowing amendment of the Scheduling Order.

**E.      Foreseeability**

The fifth factor addresses the foreseeability of the need for additional discovery in light of the time allowed for discovery by the Court. *Smith*, 834 F.2d at 169. This is not a situation where last-minute or unexpected discovery caused Plaintiff to file the present motions. The discovery at issue is routine in this type of litigation, and there is no indication of any surprise on the part of Plaintiff that he would need to conduct this discovery. Indeed, discovery was open for ten months, from the time of the Scheduling Conference on January 8, 2020, until the close of discovery on November 9, 2020. In short, Plaintiff makes no adequate argument to the effect that he did not know that he would need this information during the discovery period. Thus, the Court finds that the need for additional discovery was foreseeable. Therefore, the Court finds that the fifth factor weighs against allowing amendment of the Scheduling Order.

**F.      Relevant Information**

The sixth factor addresses the likelihood that the discovery will lead to relevant evidence. *Smith*, 834 F.2d at 169. Pursuant to Fed. R. Civ. P. 26(b)(1), any discovery sought must be relevant. Relevancy is broadly construed, and a request for discovery should be considered if there is "any possibility" that the information sought may be relevant to the claim or defense of any party. *See, e.g.*, *Sheldon v. Vermonty*, 204 F.R.D. 679, 689-90 (D. Kan. 2001). "When the discovery sought appears relevant, the party resisting

the discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Simpson v. Univ. of Colo.*, 220 F.R.D. 354, 359 (D. Colo. 2004) (citations omitted); *see also Cont'l Ill. Nat'l Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 685 (D. Kan. 1991) (stating that a party resisting discovery based on relevancy grounds bears the burden of explaining how "each discovery request is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, or burdensome"). Further, the objecting party cannot "sustain this burden with boilerplate claims that the requested discovery is oppressive, burdensome or harassing." *Id.* (citation omitted). However, when a request for discovery is overly broad on its face or when relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request. *See Paradigm Alliance, Inc. v. Celeritas Tech., LLC*, No. 07-1121-MLB, 2008 WL 678700, at *2 (D. Kan. Mar. 7, 2008).

Here, Defendant asserts that "[m]any of the questions asked or information sought by Plaintiff were not relevant to any party's claims or defenses; not proportional to the needs of the case; outside the scope of discovery; and/or overly broad, vague, and ambiguous as to be largely unintelligible." *Response* [#94] at 7. After examining the discovery information provided by Plaintiff in the Motion to Compel [#82], it appears likely that Defendants are correct at least as to some of the requested information. However, it is equally apparent that at least some of the requested information may be relevant to this litigation. Therefore, the Court finds that the sixth factor weighs in favor of allowing

amendment of the Scheduling Order.

Weighing the relevant factors, the Court finds that the first factor (imminence of trial) and sixth factor (relevancy of information) favor amendment of the Scheduling Order. The second factor (opposition of opposing party), third factor (prejudice), fourth factor (diligence), and fifth factor (foreseeability) weigh against permitting amendment. Thus, the Court ultimately concludes that it is not appropriate to allow amendment of the Scheduling Order to extend the discovery cut-off. Plaintiff's Motion to Compel [#82] and Motion for Discovery [#91], both filed in the latter half of July 2021, are therefore both extremely untimely and must be denied on that basis.

Plaintiff chose to bring this civil action voluntarily knowing the limitations he would face. To the extent that Plaintiff feels that he cannot bear the responsibility at this time, he may seek to voluntarily dismiss his case pursuant to Fed. R. Civ. P. 41(a)(1)(ii) or 41(a)(2). However, while the case is pending, it remains Plaintiff's legal obligation to comply with the Federal Rules of Civil Procedure, the Local Rules in this District, and all orders of this Court. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion to Compel [#82] is **DENIED**.

IT IS FURTHER **ORDERED** that the Motion for Discovery [#91] is **DENIED**.

IT IS FURTHER **ORDERED** that the Motion for Extension [#89] is **GRANTED**. **No later than November 5, 2021**, Plaintiff shall file either (1) a response to Defendant's Motion for Summary Judgment or (2) a Notice that he does not plan to file such a response. **No extension** of this deadline will be granted absent exceptional cause. Plaintiff is warned

that if he does not comply with this Order, the Court may recommend that his case be dismissed for failure to prosecute.

DATED: October 14, 2021

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge